Adrience agt. Lagrave.

# SUPREME COURT.

JAMES B. ADRIENCE and others, plaintiffs, agt. ALFRED E. LAGRAVE, defendant.

HERMAN BACHARACH and another, plaintiffs, agt. ALFRED E. LAGRAVE, defendant.

*Jurisdiction — arrest — citizenship.*

Where the defendant was kidnapped in France and by force brought into this state against his will, through the fraudulent intrigue and management of some of his creditors here, on pretended extradition proceedings with the government of France, to answer a criminal charge here:

*Held,* that those creditors who were ignorant of such proceedings in bringing the defendant here and took no part therein, could legally arrest the defendant in civil actions and proceed in them, under the jurisdiction of the court, to judgment and imprisonment, although the fraud of the other creditors who were engaged in such proceedings precluded them from arresting the defendant in any civil action.

*New York Special Term, April,* 1874.

MOTION to set aside service of summons and complaint, and to vacate order of arrest.

The facts sufficiently appear in the opinion.

*Charles W. Brooks,* for the motion.

*D. M. Porter & L. A. Gould,* opposed.

I. The defendant avers, on *information and belief only,* that the plaintiffs had something to do with his being brought back to this country; this they *positively* and *fully deny.*

Adrience agt. Lagrave.

The burden of proving any such fraud against the plaintiffs lies upon the defendant who asserts it; he has wholly failed to prove it (*Henry* agt. *Henry,* 8 *Barb.,* 588).

II. The defendant was brought into this state, as the papers show, as a fugitive from justice upon a criminal charge from which the order of judge FANCHER does not discharge him. An order of arrest issued against him, after he is so brought within the jurisdiction of the court, will not be set aside (*Williams* agt. *Bacon,* 10 *Wend.,* 636).

III. The language used in the opinion of Mr. justice DANIELS, relied on by the defendant, was wholly *obiter,* and rests, it is respectfully submitted, upon no sound authority or reason.

It is conceded, because not denied, that these plaintiffs have a just cause of action against the defendant, and are entitled, under the Code, to an order of arrest against him, how can they be deprived of that right without any act or default whatever on their part ?

How can it be pretended that the defendant may escape the just and legal consequences of a fraud against *them,* because other parties have committed a fraud against *him ?*

If it be urged that the latter fraud brought him within the reach of his own victims and enabled them to seize his person, a conclusive answer, if one were needed, is that his remedy is against the parties who enticed or forced him back to this country.

IV. But if, upon any conceivable ground, this doctrine could be maintained, the fact appears that when the orders of arrest were issued in these actions the defendant had been long discharged from custody, under the alleged fraudulent orders of arrest, and was at liberty, so far as they were concerned, to return to France.

He failed to do so; the plaintiffs, upon just grounds, finding him here, like any fraudulent debtor took the measures provided by law against him.

The motions should be denied, with costs.

Adrience agt. Lagrave.

LAWRENCE, *J.*—The defendant at the time the summons and complaint and orders of arrest in these actions were served upon him, was within this state, and therefore presumptively subject to the process and orders of this court. To sustain the claim that the defendant was not at the time of the service of the summons and complaint and orders of arrest subject to the jurisdiction of this court, it is alleged, by the defendant, in his moving affidavits, that the plaintiffs in these actions were parties to the alleged fraudulent arrangement or conspiracy between one James Mooney and various creditors of the defendant, in pursuance of which the defendant was kidnapped in France by Mooney, and by a requisition in a criminal charge extradited to this state; that the design of bringing him within the jurisdiction was in order to arrest and hold him to bail in civil actions.

So far as those creditors of the defendant who were parties to such arrangement are concerned, this court has already held that the defendant was entitled to be discharged from arrest in suits brought by such creditors, on the ground that an arrest procured by a trick or fraud is illegal (*See Lagrave's Case* 45 *How. Pr. R.*, 301; *S. C.*, 14 *Abb.* [*N. S.*], 336, *and cases cited in opinion of* FANCHER, *J.*).

In these cases, however, the allegations in the defendant's affidavits, that the plaintiffs were concerned in or parties to the trick or device by which the defendant was transported from France to this state are flatly denied, and it seems to me, therefore, that the defendant cannot, as against these plaintiffs, claim that his person has been wrongfully brought within the jurisdiction of this court.

In the case of this defendant, judge DANIELS held, that a creditor who has not participated in the wrongful proceedings against the defendant, might lawfully seize him with a summons in a civil action (*Lagrave's Case*, 14 *Abb.* [*N. S.*], 344).

I see no good reason, why, if such a creditor can seize the defendant with a summons and thus institute a civil action against him, he is not entitled to resort to all the remedies

Adrience agt. Lagrave.

which the law gives to the plaintiff, as incidental or auxiliary to such action.   If the defendant is subject to the process of the court for the purpose of commencing the action, it seems to me conclusively to follow, that he is amenable to all orders and processes which may naturally arise and grow out of such action.   It being therefore denied by the plaintiffs, that they were parties to the arrangement, by which the defendant was wrongfully brought within the territory of this state, and the presumption being in favor of the jurisdiction of the court, and it being also incumbent upon the defendant to establish affirmatively that he was not within nor subject to such jurisdiction, at the time of his arrest and of the service of the summons and complaint, I am of the opinion that these motions should be denied.

Motions denied with ten dollars costs in each case.

Note.—The short answer (we presume) which the defendant makes to these proceedings is that he is a citizen of France, either by birth or adoption, and under the protection of that government, and that our courts have no jurisdiction over his person; that the perfidy and fraud and kidnapping by which, against his will, he was compelled to come here, has not, in the least, changed or altered his *status* as a citizen of France.

The question now is, can these creditors in civil actions, or the people in criminal proceedings, *adopt* the perfidy, wrong and fraud which brought the defendant here, and proceed against him to judgment and imprisonment in our courts?

It seems that this case would bear examination in the court of appeals—Rep.